UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:07-CV-28 (CEJ) ) |
| A SHINING STORE, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant A Shining Store, Inc., a Missouri corporation, pursuant to Rule 55(b)(2), Fed. R. Civ. P. Plaintiffs filed a complaint in this Court on January 9, 2007. Service of process was obtained on defendant on January 18, 2007. Defendant has not filed an answer or other responsive pleading, and the time for doing so has expired. Accordingly, the Clerk of Court entered default on April 16, 2007.[1]

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are trustees of employee benefit funds (the Pension, Welfare, Vacation, and Training funds) and Local Unions Nos. 42, 53, and 110, Laborers International Union of North America, AFL-CIO (the Union). Defendant was required to make

---

[1] Because of the defendants' default, the unopposed allegations of the complaint are deemed to be true. See Angelo Iafrate Const., L.L.C. v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004); Fed.R.Civ.P. 55(b)(2).

contributions to employee benefit funds pursuant to two collective bargaining agreements between the parties and the ERISA provisions cited above.

The plaintiffs move for default judgment on Counts I and II of the complaint.[2] The plaintiffs seek $16,621.83 for under-reported contributions for the period of October 1, 2003 through December 31, 2006, plus $4,753.05 in liquidated damages, and $3,760.42 in interest. Plaintiffs further seek $45,725.33 in delinquent contributions for the period of March 2007 through September 2007; $36,721.70 in liquidated damages for the period of October 2006 through September 2007; and $392.60 in court costs, $2,900.00 in accounting fees, and $2,985.00 in attorney's fees pursuant to the collective bargaining agreements. The total amount of the judgment plaintiffs seek is $133,644.09.[3]

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions,

---

[2] Defendant paid some contributions late during 2005 and 2006, incurring liquidated damages in the amount of $34,628.86. Defendant subsequently paid some, but not all, of the liquidated damages. In an order dated May 22, 2007, the Court granted partial summary judgment for plaintiffs and determined that plaintiffs would be awarded the sum of $19,784.00 on their claim in Count III of the complaint upon entry of final judgment.

[3] This amount includes the $19,884.00 which the Court will award on Count III.

liquidated damages, interest, and attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

On October 9, 2001, defendant and the Union entered into two collective bargaining agreements. The first agreement (the "AGC contract"), between the Union and the Associated General Contractors of St. Louis, was effective from March 1, 1999 to March 1, 2004. The second agreement (the "RCE contract"), between the Union and the Residential Construction Employers, was effective from May 1, 1998 to May 1, 2004. The agreements stated that the parties agree to be bound by all subsequent agreements and renewals. The AGC contract terms form the basis for Count I, and the RCE contract terms form the basis for Count II.

Under terms of the AGC contract, the employer is required to make contributions to the Vacation (§ 5.05), Welfare (§ 5.03), Pension (§ 5.04), and Training (§ 5.06) funds. The agreements also obligate the employer to make contributions to the St. Louis Construction Training and Advancement Foundation (§ 5.07) and to an escrow account (§ 5.08A).

The employer makes contributions each month by submitting a check made payable to "St. Louis Laborers Fringe Benefits" and a contribution report (§ 5.10). Fringe benefits may also be paid electronically. (§ 5.41). Belated contributions, or the failure to make the required contributions, subjects signatories to liquidated damages on untimely payments plus attorneys' fees and costs (§ 5.10).

Under the terms of the RCE contract, the employer is required to make monthly contributions to the Welfare (Art. 14 § 3) and Pension (Art. 14 § 4) trust funds. The employer must make monthly contribution reports on forms provided by the trust funds (Art. 14 § 7). Belated contributions, or the failure to make required contributions, subjects the employer to liquidated damages of ten percent of the delinquent contributions (Art. 14 § 7). The agreement also provides that an employer who is found by a court to owe delinquent contributions shall pay "interest on such debt at the maximum lawful rate computed from the due date of each month's contribution." (Art. 14 § 8). Finally, the employer must also pay a reasonable attorney's fee. Id.

**Delinquent Contributions and Liquidated Damages**

Plaintiffs submit the second affidavit of Bernard Difani, the Administrative Manager for the St. Louis Construction Laborers Benefit Funds. Mr. Difani states that the defendant failed to report or was late reporting payments owed pursuant to the AGC and RCE collective bargaining agreements in the amount of $45,725.33 for the period of March 2007 through September 2007. Mr. Difani further states that the amount of liquidated damages on unpaid contributions for the period of October 2006 through September 2007 is $36,721.70. The affidavit and attached Exhibit C support an award of $45,725.33 for delinquent contributions and $36,721.70 in liquidated damages owed pursuant to the AGC and RCE contracts.

Plaintiff claims that an audit conducted of defendant's accounts revealed that defendant had under-reported the number of

4

hours worked by its employees throughout the contract period, and thus had made less than the required amount of contributions to the Funds. The plaintiffs present the affidavit of Brad Soderstrom, an accountant with Wolfe-Nilges-Nahorski, which performed an audit of defendant's accounts. The affidavit and attached Exhibit A support an award of $16,621.83 in under-reported contributions. Although plaintiffs request liquidated damages of $4,753.05, the maximum amount of liquidated damages under the terms of the contracts is twenty percent of the delinquent contributions. Thus, the Court finds that an award of $3,324.37 (or twenty percent of $16,621.83) is supported by the evidence.

Plaintiffs also request $3,760.42 in interest on those contributions, "as mandated by ERISA." Pl. Mem. in Supp. of Mot. for Def. J. at 3. The plaintiffs do not explain further the authority for their entitlement to the interest amount cited. ERISA provides that if a judgment in favor of the benefits plan is awarded, the court shall award the plan interest on the unpaid contributions, which shall be calculated according to the rate provided under the plan, or if none, the rate prescribed under 26 U.S.C. § 6621. 29 U.S.C. § 1132(g). As noted above, the RCE contract provides for interest at the maximum lawful rate. The AGC contract does not provide for an award of interest. Section 6621 provides for various interest rates formulas, and determining which among them to select requires information that is not presently before the Court. The Court will not award the requested interest

at this time, but the plaintiffs may submit additional information supporting an award of interest at a later time.

**Costs and Attorney's Fees**

Plaintiffs submit the affidavit of attorney Brian Love, who states that at his firm, the hourly rate for partners' work is $160.00 per hour; for associate attorneys, $150.00 per hour; and for legal assistants, $75.00 per hour. Mr. Love states that he worked 1.71 hours, a partner, Sherri Schroder, worked 1.5 hours, and a legal assistant, Patty Bozada, worked 2.4 hours, for a total of $2,985.00 for legal services provided in this action. Plaintiffs also seek costs in the amount of $350.00 for the filing fee and $42.60 for service of process, for a total of $392.60 in costs. Thus, the Court will award $3,377.60 for attorneys' fees and costs in this action.

In his affidavit, accountant Brad Soderstrom, explains that his firm conducted a payroll record audit covering the period of October 1, 2003 through December 31, 2006. Mr. Soderstrom states that the accounting fee for the audit was $2,900.00. The Court finds that an award in that amount is supported by the evidence.

Based upon a review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant A Shining Store, Inc. in the amount of $128,454.83.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion [# 11] for default judgment against defendant A Shining Store, Inc. is **granted**

**in part** and **denied in part.** A separate judgment in accordance with this memorandum and order will be entered.

                                                    _____
                                                  CAROL E. JACKSON
                                                  UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2008.